**In The Matter of Francis R. SABLONE, Jr., Debtor.**

**Bankruptcy No. 2–92–04264.**

United States Bankruptcy Court, D. Connecticut.

Aug. 24, 1993.

Henry Klehm III, Josephine M. Saiz, and Rebecca M. Alberts, S.E.C., c/o John B. Hughes, Chief, Civ. Div., Office of the U.S. Atty., D. Conn., New Haven, CT, for movant.

Martin W. Hoffman, Hartford, CT, for debtor.

*MEMORANDUM OF DECISION ON MOTION OF UNITED STATES SECURITY AND EXCHANGE COMMISSION TO EXTEND THE TIME TO OBJECT AND EXCEPT TO DISCHARGEABILITY*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

The above-entitled motion filed by The Securities and Exchange Commission (SEC) requests the court "to reopen" the debtor's discharge and to "extend the Commission's time to object and except to the discharge of its claims against the debtor ... because the Commission did not receive adequate notice of the first meeting of creditors...." The matter has been submitted upon briefs. The court, in addition, has examined the case file to supplement factual allegations in the briefs.

## II.

### BACKGROUND

Three creditors on October 29, 1992 filed an involuntary chapter 7 petition against Francis R. Sablone, the debtor. The petition was uncontested and the court entered an order for relief on December 8, 1992. A form "Notice of Commencement of the Case" (notice) was issued by the clerk's office on December 14, 1992, setting January 7, 1993 as the first meeting of creditors and April 7, 1993 as the last date to file proofs of claim. The notice, certified by the debtor's attorney as mailed first class, postage prepaid to all creditors on December 31, 1992, erroneously failed to establish any other bar dates.

On February 1, 1993, the debtor's attorney, by letter, notified the clerk's office of errors in the notice, and the clerk's office issued another notice which set March 11, 1993 as the date for a meeting of creditors; April 7, 1993 as the last date to file proofs of claim; and March 8, 1993 as the last date to file complaints objecting to discharge of the debtor or to determine dischargeability of certain types of debts. The debtor's attorney certified that he mailed this second notice first class, postage prepaid to creditors on February 4, 1993.

The debtor's schedule of creditors listed the SEC as holding a disputed debt for $300,000.00. The two notices issued by the clerk's office of the commencement of the debtor's case were mailed by the debtor's attorney to the following addresses:

Securities and Exchange Commission

Div. of Corporate Reg.

Washington, D.C. 20549

Securities and Exchange Commission

75 Park Place, # 13 Floor

New York, N.Y. 10007–2146.

No complaints objecting to the debtor's discharge were received by the clerk's office by March 8, 1993, and the court, on April 2, 1993, entered the debtor's discharge. The clerk's office mailed a copy of the discharge to all creditors on April 2, 1993.

The present motion, filed by SEC on June 1, 1993, states that the SEC and the debtor had been actively engaged in litigation since 1989 over the debtor's alleged violations of federal securities laws; that the

debtor should have sent the notices to the attention of the SEC staff attorneys involved in the litigation; that the SEC attorneys first learned of the debtor's bankruptcy case on March 24, 1993 during a conversation with one of the debtor's litigation attorneys; and that the trustee of the debtor's bankruptcy estate gave misinformation to the SEC causing further delay to the SEC before the filing of the motion. The SEC invoked the doctrine of excusable neglect to support the granting of the motion.

The debtor filed no responsive pleading to the SEC's motion. At the hearing on the motion, the SEC and the debtor agreed to submit the matter to the court for ruling by way of each party filing legal briefs on July 15, 1993.

### III.

#### DISCUSSION

The thrust of the SEC brief is that "Sablone's general listing of the Commission on the schedule of creditors, without any names of the appropriate staff, was not notice reasonably calculated to reach its intended audience. Sablone's inadequate notice entitles the Commission to file a Complaint to except and object to the discharge of its claims after the deadline to file the Section 523(c) complaint had passed." *SEC Brief*, at 2. The debtor's brief argues that proper notice, utilizing correct addresses, was timely sent to the SEC at its Washington, D.C. office and its regional office in New York City, and that the motion should be denied.

The court cannot reach the merits of the issue of whether proper notice was given to the SEC of the commencement of the bankruptcy case because the court lacks discretion to grant the SEC motion. The court's authority to extend the involved bar dates ended with the passage of the bar dates.

■ The Federal Rules of Bankruptcy Procedure provide the sole authority for a court to extend the time for an interested party to file an objection to the discharge of the debtor or to the dischargeability of certain debts. Bankruptcy Rule 4004, in relevant part, provides:

(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... Not less than 25 days notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

(b) EXTENSION OF TIME. On Motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*

. . . . .

(Emphasis added). Rule 4007, in relevant part, provides:

(b) TIME FOR COMMENCING PROCEEDING OTHER THAN UNDER § 523(c) OF THE CODE. A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION ... A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*

(Emphasis added). Rule 9006(b)(3) provides:

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking

action under Rules ... 4004(a), 4007(c) ... *only to the extent and under the conditions stated in those rules.* (Emphasis added).

The limitations set out in these rules are clear, and it has been generally held that courts have no authority to disregard them. Only a motion filed *before* the running of the bar date can be considered by a court. *See In re Alton,* 837 F.2d 457, 459 (11th Cir.1988) ("There is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.'"); *In re Gray,* 156 B.R. 707 (Bankr.D.Me.1993) (express requirement of Rule 4007(c) that motion to extend be made before time expired is binding and doctrine of excusable neglect not available); *In re Piesner,* 130 B.R. 399, 401 (Bankr. E.D.N.Y.1991) (application to extend time to object to discharge and to file complaint to determine dischargeability after bar date passed could not be granted even though clerk failed to give creditor notice of deadlines.) *But see In re Anwiler,* 958 F.2d 925, 929 (9th Cir.) *cert. denied* — U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992) (where two courts set two different deadlines to file objections to discharge and dischargeability complaints, court has equitable power, under Code § 105(a), to correct own mistake and permit late filing of objection to discharge and nondischargeability complaint); *In re Walker,* 149 B.R. 511 (Bankr.N.D.Ill.1992.)

The refusal by courts to extend the indicated bar dates is, of course, not mindless. The Bankruptcy Code contains other provisions for dealing with the situation where a creditor is not properly and timely notified of bar dates. *See e.g.,* Code §§ 523(a)(3) (debtor not discharged from any debt not properly listed "in time to permit— ... (B) if such debt of a kind specified in [§ 523(c)], timely filing of proof of claim and timely request for a determination of dischargeability of such debt under [§ 523(c)], unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."); 727(d)(1)

(creditor can request discharge be revoked if discharge obtained through fraud of debtor).

### IV.

### *CONCLUSION*

The motion of the SEC to extend the time to object to the debtor's discharge and to file a complaint to determine dischargeability must be, and hereby is, denied.