In re Donald C. PRATT, Debtor.

Bankruptcy No. 2–93–02885.

United States Bankruptcy Court,
D. Connecticut.

April 8, 1994.

Robert C. Leitze, New Haven, CT, for debtor.

William H. Clendenen, Jr. and James E. Clifford, William H. Clendenen, Jr., P.C., New Haven, CT, for movants.

*MEMORANDUM OF DECISION
AND ORDER ON MOTION
TO REOPEN*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

*ISSUE*

Peter C. Dorsey and Cornelia M. Dorsey (the movants) have moved to reopen the Chapter 7 case of Donald C. Pratt (the debtor) for the sole purpose of filing a complaint to determine the dischargeability of an unliquidated claim they hold arising out of the debtor's alleged fraudulent conduct. The movants assert they did not receive notice of the filing of the debtor's bankruptcy case from the bankruptcy court, or from any other source, in time for them to file their dischargeability complaint prior to the passing of the bar date set by the court for such complaints. The issue presented is the authority of the court to permit the filing of a dischargeability complaint on the asserted factual background.

II.

*BACKGROUND*

The debtor sought relief under Chapter 7 on July 26, 1993. He properly listed the movants as creditors in his petition,[1] and their names and correct addresses appear in the mailing matrix submitted by the debtor and used by the clerk's office for mailing

---

1. The movants are listed as creditors claiming $400,000 in damages as alleged in a complaint brought in April 1992 in the Connecticut Superior Court.

notices.[2] Pursuant to Fed.R.Bankr.P. 2002, the clerk's office, on July 29, 1993, sent out the requisite notice of the commencement of a no-asset case, which notice, inter alia, included the time fixed (October 22, 1993) for filing a complaint objecting to discharge or to determine the dischargeability of certain types of debts.[3] The certificate of mailing signed by a deputy clerk specifies that "all creditors" were noticed by mail. The court, on November 16, 1993, granted the debtor a discharge, no objections to discharge having been filed. A deputy clerk certified that notice of the discharge was mailed to "all creditors" on November 19, 1993. The court entered a final decree discharging the trustee and closing the case on November 23, 1993.

The movants, on January 20, 1994, filed the present motion to reopen the case on the ground that they first acquired knowledge of the debtor's Chapter 7 case upon receipt in November 1993 of the court's notice of discharge. The movants assert that had they received the notice of the commencement of the case, they would have filed a complaint to determine the dischargeability of the debt owed to them.[4]

In support of their motion, each of the movants and their attorney submitted affidavits stating that they had no knowledge of the commencement of the debtor's Chapter 7 case until they received the notice of discharge in November 1993, after the October 22, 1993 deadline set for filing dischargeability complaints had passed. As further evidence of the movants' ignorance of the debtor's pending bankruptcy case, the movants' attorney submitted a copy of an application

for a prejudgment remedy he filed in state court on October 6, 1993, and contends that had he known of the debtor's bankruptcy on that date, he would not have pursued the prejudgment remedy in state court.

## III.

### DISCUSSION

Section 350(b) provides for the reopening of closed bankruptcy cases. Under § 350(b),

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). The precise question before the court is whether sufficient "other cause" exists to warrant reopening the case.

■ For the movants to prevail on their motion they must establish, inter alia, that if the case is reopened the court has the authority to grant them the underlying relief they seek—permission to file a complaint under § 523(c) [5] to determine the dischargeability of the alleged debt owed to them. If the movants' purpose for bringing the motion to reopen cannot as a matter of law be accomplished, reopening the case would be pointless, and the motion cannot be granted. *See Milando v. Perrone*, 157 F.2d 1002 (2d Cir.1946) (establishing that motions to reopen bankruptcy cases should be granted only if the movants can demonstrate that the relief they seek is available). Because the bar date for the filing of § 523(c) dischargeability complaints in the instant case was October 22, 1993, the movants can prevail on their motion to reopen only if the court may

**2.** Local R.Bankr.P. 5(a) requires each debtor to file an alphabetical mailing matrix listing creditors with their addresses and zip codes typed or clearly printed.

**3.** Rule 2002(f) provides, in pertinent part:

[T]he clerk, or some other person as the court may direct, shall give ... all creditors ... notice by mail of ... the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code.... Fed.R.Bankr.P. 2002(f).

**4.** The movants seek to reopen this case "so that they may file a complaint to determine the dischargeability of Mr. Pratt's debt to them pursu-

ant to Bankruptcy Rule 4007, and 11 U.S.C. § 523." Motion to Reopen at 1. The nature of the movants' state-court action against the debtor indicates that the movants would contest dischargeability under § 523(c) on the grounds that the "investments" solicited by the debtor were obtained by fraud, breach of fiduciary duty, or misrepresentation.

**5.** Section 523(c) provides, in effect, that a creditor claiming a debt is excepted from discharge because of fraud (§ 523(a)(2)); fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny (§ 523(a)(4)); or willful and malicious injury (§ 523(a)(6)) must file timely a complaint in the bankruptcy court.

extend that bar date to permit a timely filing of their complaint or may allow the filing of an untimely complaint.

■ Rule 4007(c) provides the time period within which a § 523(c) dischargeability complaint may be brought:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*

Fed.R.Bankr.P. 4007(c) (emphasis added). Rule 9006(b)(1) provides, in general, that a court may in its discretion accept untimely filings in cases of "excusable neglect." *Id.* 9006(b)(1). Rule 9006(b)(3), however, limits the court's discretion in enlarging the time period for filing complaints to determine the dischargeability of debts:

> The court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b)(3). The operation of Rules 4007(c) and 9006(b), therefore, prevent bankruptcy courts from extending the deadline for filing dischargeability complaints once the bar date has passed.

The present matter is controlled in large part by this court's recent decision, *In re Sablone*, 157 B.R. 739, 741 (Bankr.D.Conn. 1993). *Sablone* ruled that the bankruptcy rules provide the sole authority for a court to extend the time in which § 523(c) dischargeability complaints may be filed and that courts generally have no discretion to disregard those provisions. Other courts have similarly held that a bankruptcy court does not have the discretion to extend dischargeability bar dates once they have passed. *See In re Alton*, 837 F.2d 457, 459 (11th Cir.1988) ("There is 'almost universal agreement that the provisions of the F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.'") (quoting *In re Maher*, 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985)); *In re Themy*, 6 F.3d 688, 689 (10th Cir.1993) (Rules 4007(c) and 9006(b)(3) "prohibit a court from sua sponte extending the time in which to file dischargeability complaints."); *In re Rhodes*, 61 B.R. 626, 629 (9th Cir. BAP 1986) ("[T]he bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint."); *see also In re Ricketts*, 80 B.R. 495, 496 (9th Cir. BAP 1987); *In re Piesner*, 130 B.R. 399, 401 (Bankr.E.D.N.Y.1991); *In re Barr*, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985).

A limited exception to the foregoing doctrine has evolved where the bankruptcy court has affirmatively mislead a creditor through the setting of incorrect deadlines. In those unique circumstances, several courts have held that Code § 105(a)[6] permits a court to correct its own mistakes by accepting late-filed dischargeability complaints. *See In re Themy*, 6 F.3d at 689–90 (court may use its inherent equitable power to correct its own mistakes and permit late filing of dischargeability complaint where court affirmatively misleads the creditor as to a deadline); *In re Kennerley*, 995 F.2d 145, 148 (9th Cir.1993) (holding that the unique circumstances exception to rule barring late-filed dischargeability complaints is limited to situations where the court explicitly misleads a party as to a deadline); *In re Anwiler*, 958 F.2d 925, 928–29 (9th Cir.) (court has equitable power to correct a mistake caused by court's erroneous notice of deadline for filing), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121

---

6. Section § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

L.Ed.2d 171 (1992); *In re Greene,* 103 B.R. 83, 88 (S.D.N.Y.1989) (a court has the general authority to extend filing deadlines to prevent an abuse of process), *aff'd,* 904 F.2d 34 (2d Cir.1990), *cert. denied,* 498 U.S. 1067, 111 S.Ct. 784, 112 L.Ed.2d 847 (1991).

Unique circumstances are neither claimed nor present in this case. The movants do not assert any error by the court or the clerk's office upon which they relied. They do not contend that there was any abuse of process on the debtor's part. The failure of the movants to receive the notice sent by the clerk's office does not translate to clerk's office error. Any number of events subsequent to the mailing may have intervened to prevent receipt of notice.

■ Congress' intent to promote the expeditious and efficient administration of the bankruptcy process is revealed in its acceptance of the rules limiting the bankruptcy court's discretion to extend § 523(c) bar dates, notwithstanding that notices for unknown reasons may not have been received, so long as the process of noticing is constitutionally sound. *Cf. Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 319, 70 S.Ct. 652, 657–58, 619–20, 94 L.Ed. 865 (1950) (holding that constitutional due process requirements are satisfied if the noticing procedure employed is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," and that mailing is an appropriate means of notification for large numbers of interested parties where personal service is impracticable: "[R]easonable risks that notice might not actually reach every [interested party] are justifiable."). The noticing procedure employed by bankruptcy courts is deemed complete when the clerk's office certifies that notice was mailed to the appropriate parties. *See* Fed.R.Bankr.P. 9006(e) ("Service . . . of notice by mail is complete on mailing."); *see also In re Walker,* 161 B.R. 911, 913 (Bankr.D.N.J.1993) ("Under the Federal Rules of Bankruptcy Procedure, therefore, service to the [creditors] was complete upon the mailing of the . . . Notice."). Proof of receipt is not required. *Cf. In re Rockmacher,* 125 B.R. 380, 384 (S.D.N.Y. 1991) ("While the bankruptcy rules certainly are meant to give creditors notice of relevant dates, they also promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings that, within the set period of 60 days, they can know which debts are subject to discharge.") (internal quotations omitted).[7]

■ The court does not find cause to reopen the debtor's case because the court lacks the discretion to extend the time in which § 523(c) dischargeability complaints may be filed or to allow the movants to file an untimely dischargeability complaint.[8]

## IV.

### CONCLUSION

For the foregoing reasons, the motion to reopen the debtor's closed case must be, and hereby is, denied. It is

SO ORDERED.

---

7. The bankruptcy courts' reliance on first-class mail for its noticing requirements is substantial. The Bankruptcy Court Administrative Division of the Administrative Office of U.S. Courts reports that the nation's 15 largest bankruptcy courts using the Bankruptcy Automated Noticing System currently serve by first-class mail approximately 21 million notices annually. Long Range Plan for Automation in the Federal Judiciary, Appendix B, at 73 (Fiscal Year 1993 Update).

8. The court is well aware of the decisional authority which deals with the issue herein decided on theories of presumption of receipt of notice. *See, e.g., In re Mutts,* 131 B.R. 306, 307 (Bankr. E.D.Va.1991) (denying motion to reopen case to file complaint objecting to discharge because the creditor failed to rebut a presumption of receipt of notice of commencement of the case, which presumption arose by virtue of the creditor and its address being correctly listed in the debtor's schedules). For the reasons expressed the court believes the rationale adopted is the more appropriate.