**In re Leonard GINSBERG, Debtor.**

**Bankruptcy No. 2–94–00338.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 1, 1994.

Paul E. Knag and David J. Lustberg, Cummings & Lockwood, Stamford, CT, for F.D.I.C.

Martin Chorches, Chorches & Novak, P.C., Wethersfield, CT, and Kerry M. Wisser, Weinstein & Wisser, P.C., West Hartford, CT, for debtor.

## RULING ON MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The Federal Deposit Insurance Corporation (FDIC), by motion filed on June 28, 1994 in this Chapter 7 case, requests a 180–day extension of time, from July 15, 1994 to January 16, 1995, in which to file an objection to discharge or dischargeability. The FDIC contends that Leonard Ginsberg, the debtor, is indebted to the FDIC, as receiver of at least six banks, in an amount in excess of $36,000,000; and due to the complexity of the debtor's financial dealings, and the time to secure "governmental" approval if a complaint is believed warranted, the requested additional time for investigation is reasonable.

The debtor, on July 11, 1994, filed a response to the FDIC's motion, requesting the motion be denied on grounds that the FDIC has already had ample time to conclude its investigation, started well before the bankruptcy case, and to file a complaint, and, in addition, that the debtor suffers from a debilitating disease exacerbated by the stress of his pending bankruptcy case. On July 14, 1994, the date noticed for a court hearing on the FDIC's motion, the debtor filed an additional objection asserting that the FDIC's motion is untimely in that a court-established bar date of June 10, 1994 for the filing of such complaints had passed prior to the filing of the motion. The parties have submitted

the issues solely on their memoranda of law and the pleadings.

## II.

Creditors filed an involuntary petition for relief under Chapter 7 against the debtor on January 28, 1994. The court entered an order for relief on March 1, 1994, and, thereafter, the clerk's office sent creditors a notice of the commencement of the case, establishing April 11, 1994 as the date for the meeting of creditors and June 10, 1994 as the bar date for filing complaints objecting to discharge or to determine dischargeability.

At the April 11, 1994 creditors' meeting, the designated interim trustee resigned due to a perceived conflict of interest, and the meeting apparently aborted. The clerk's office, after receiving the name of a successor interim trustee, issued a second notice of commencement of the case ("Second Notice"), setting May 16, 1994 as the date of the creditors' meeting and July 15, 1994 as the bar date for filing complaints objecting to discharge or to determine dischargeability. The FDIC relied upon the date established by the Second Notice when, on June 28, 1994, it filed its motion for extension of time within which to object to discharge and dischargeability.

The debtor asserts that Fed.R.Bankr.P. 4004(a) and 4007(c) mandate that a complaint objecting to discharge and to determine dischargeability "shall be filed not later than 60 days following *the first date set* for the meeting of creditors...." Fed.R.Bankr.P. 4004(a) and 4007(c). (emphasis added). Further, the debtor contends that any motion to extend such bar date pursuant to Rules 4004(b) and 4007(c) "shall be made before such time has expired." *Id.* 4004(b) and 4007(c). The debtor, accordingly, argues that under the clear language of the rules the bar date for discharge and dischargeability

complaints ran from the first date set for the creditors' meeting, i.e., June 10, 1994, and the FDIC's motion filed on June 27, 1994 is untimely.

The FDIC responds that even if the second bar date of July 15, 1994 noticed by the clerk's office was set in error, the court has the authority under the ·equitable powers granted by Code § 105(a)[1] to correct the error and accept the late-filed motion. The FDIC argues it would be error for the court not to exercise its discretion to do so.

## III.

This court recently ruled that courts lack discretion to disregard the bankruptcy rules and, thus, cannot extend dischargeability bar dates once they have passed. *In re Pratt,* 165 B.R. 759 (Bankr. D.Conn.1994). *Pratt,* in dicta, noted that many courts, including two courts of appeal, have recognized an exception to this doctrine "where the bankruptcy court has affirmatively misle[ ]d a creditor through the setting of incorrect deadlines. In those unique circumstances ..., Code § 105(a) permits a court to correct its own mistakes by accepting late-filed dischargeability complaints." *Id.* at 761 (footnote omitted). Since the date of the *Pratt* ruling, the Sixth Circuit has joined the Ninth and Tenth Circuits,[2] and concluded "that where a bankruptcy court erroneously sets a second bar date for the filing of complaints to determine dischargeability of a debt before the first bar date has expired and where a creditor, reasonably relying on that second date files a complaint before the expiration of the second date, the bankruptcy court abuses its discretion if it fails to exercise its equitable powers and permits the complaint to proceed." *In re Isaacman,* 26 F.3d 629, 636 (6th Cir.1994). The court, in line with this authority, concludes that the

---

**1.** Section 105(a) provides:

(a) *The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement*

court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

**2.** *In re Anwiler,* 958 F.2d 925, 928–29 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992); *In re Themy,* 6 F.3d 688, 689–90 (10th Cir.1993).

FDIC motion will be treated as if timely filed.

As for the debtor's initial objection to the motion, based upon the length of time already elapsed and the debtor's illness, the court finds such arguments not persuasive. The court, however, finds the extension requested to be excessive, and a shorter period is more appropriate.

## IV.

The debtor's objection to the FDIC's motion for extension of time, based upon timeliness of filing, is overruled. The debtor's remaining objections to the motion are not sustainable. The court, however, concludes that a six-month extension is excessive and extends the bar date to December 1, 1994. It is

SO ORDERED.