**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: ERNEST J. LITTY, JR.,
Debtor.

ERNEST J. LITTY, JR.,
Debtor-Appellant,

v.

SUZANNE LITTY,
Party in Interest-Appellee,

and

MARC SHACH; UNITED STATES
TRUSTEE,
Parties in Interest.

No. 97-1832

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-97-1145-K, BK-96-5-7984-JS)

Submitted: May 29, 1998

Decided: July 8, 1998

Before WIDENER and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan M. Grochal, Lynn A. Kohen, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellant. Arthur D. Webster, WEBSTER & ANDERSON, P.A., Salisbury, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On August 21, 1996, Ernest J. Litty, Jr., (Litty) filed a petition for relief under Chapter 11 of the Bankruptcy Code. November 17, 1996 (Sunday), was the deadline set for filing complaints objecting to discharge and to determine dischargeability. Suzanne Litty (Suzanne), Litty's ex-wife, filed a motion on Monday, November 18, 1996, seeking an extension of time in which to file a complaint to determine dischargeability of a debt owed to her as a result of the Littys' divorce proceedings. The motion requested that the deadline be extended "thirty (30) days from the date of [the bankruptcy court's order]." The bankruptcy court did not rule on the motion, however, until January 15, 1997, when it entered an order extending the time to file a complaint to determine dischargeability until February 7, 1997. The bankruptcy court judge later stated that he had "picked a date out of the air that was less than 30 days because so much time had already passed." On February 11, Suzanne filed an emergency motion seeking another extension of time to file her complaint on the grounds that neither she nor her attorney received notice of the January 15 order.

At a hearing held on March 3, 1997, the bankruptcy court found, as a matter of fact, that the court failed to notify Suzanne or her attorney of the February 7 deadline and, over Litty's objection, extended

2

the deadline an additional ten days from the date of the hearing.* Suzanne filed her complaint later that day.

Litty appealed to the district court, which found that the bankruptcy judge's action was "a totally sensible and appropriate exercise of his powers to avoid an inequitable result" and affirmed the bankruptcy court. Litty appeals.

The time period for filing complaints to determine dischargeability is governed by Rule 4007(c) of the Federal Bankruptcy Rules, which provides:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of credi- tors held pursuant to § 341(a). . . . On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

See Fed. R. Bankr. 4007(c). Bankruptcy Rule 9006(b)(3) states that: "The court may enlarge the time for taking action under Rule[ ] . . . 4007(c) . . . only to the extent and under the conditions stated in [that] rule[ ]." Finally, 11 U.S.C. § 105(a) (1994) provides that "[t]he court may issue any order, process, or judgment that is necessary or appro- priate to carry out the provisions of this title."

We find, first, that Suzanne's first motion for enlargement of time, filed on November 18, 1996, was timely. Second, we find that the bankruptcy court acted within its discretion by extending the time period a second time, even though the deadline set in its order grant- ing the first motion had expired. This court has held that the time lim- its for filing nondischargeability complaints are not jurisdictional time limits. See Farouki v. Emirates Bank Int'l, Ltd. , 14 F.3d 244, 248 (4th Cir. 1994) (holding that the time limitations provided in Rule 4004(a), which governs complaints to determine dischargeability under § 727, are not jurisdictional: "Rule 4004(a) does not preclude the bankruptcy

_____

*A written order was not entered, however, until March 24, 1997.

3

court from exercising its equitable powers in extraordinary cases"). See also European Am. Bank v. Benedict (In re Benedict), 90 F.3d 50, 54 (2d Cir. 1996) (holding that time period imposed by Rule 4007(c) is not jurisdictional and "thus is subject to waiver, estoppel, and equitable tolling"); In re Santos, 112 B.R. 1001, 1006 (Bankr. 9th Cir. 1990) (holding that "the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits").

Here, the bankruptcy judge specifically found that he had failed to give timely notice to Suzanne or her attorney of the extended filing deadline. Therefore, he did not abuse his discretion by allowing her additional time in which to file her complaint. See In re Anwiler, 958 F.2d 925, 928-29 (9th Cir. 1992) (holding that the bankruptcy court has the equitable power to correct its own mistakes, even if that means allowing an untimely filing to proceed).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4