**In re Robert E. CHAIN, Debtor.**

No. 97–24770.

United States Bankruptcy Court,
D. Connecticut.

July 17, 2000.

David M.S. Shaiken, David M.S. Shaiken, P.C., Hartford, CT, for Debtor.

Raymond C. Bliss, Baker, O'Sullivan & Bliss, P.C., Wethersfield, CT, for Alan Robert Baker, Trustee.

*RULING ON DEBTOR'S "MOTION TO ESTABLISH BAR DATE" FOR CERTAIN CREDITORS TO FILE DISCHARGE AND DISCHARGE-ABILITY COMPLAINTS*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

## I.

### *ISSUE*

Robert E. Chain ("the debtor") filed a Chapter 7 petition on November 7, 1997, following which the court set a bar date of February 17, 1998 ("the original bar date") for the filing of complaints objecting to discharge (Bankruptcy Code § 727(c)) or to determine dischargeability of certain types of debt (Bankruptcy Code § 523(c)). The debtor, on March 23, 2000, moved the court to establish a new bar date for filing such complaints for four creditors[1] who, the debtor suggests, may not have received proper notice of the original bar date. At the June 27, 2000 hearing on the motion, the court, *sua sponte,* raised the issue as to the extent of the court's discretion to establish a new bar date on a motion filed after the expiration of the original bar date. The debtor thereafter submitted his brief in support of the motion, from which the following background is taken.

## II.

### *BACKGROUND*

When the debtor filed his schedules in his bankruptcy case, he included an amended mailing matrix containing 73 pages of names and addresses of some 919 parties in interest. Recently, in reviewing the clerk's office certificate of service for the original bar date notice, debtor's counsel concluded that the four creditors may not have received proper notice due to "a clerical or ministerial error in the production of his mailing matrix." (Debtor's Brief at 7.) The brief further states that "the debtor is willing to waive [the original bar date]" and to give the four creditors "a full opportunity to ... litigate any discharge issues that may be presented by them." (Id.)

Because there is a pending complaint objecting to the debtor's discharge, the debtor has not yet received his discharge. None of the four creditors, after receiving due notice, appeared at the hearing or filed an objection to the granting of debtor's motion.

---

1. The four creditors are Phoenix Home Life Mutual Insurance Company, Gerber Life Insurance Company, the United States of America and the State of Connecticut.

### III.

### *DISCUSSION*

■ This court, relying primarily on rulings from other circuits,[2] has previously ruled in three published opinions that the applicable Federal Rules of Bankruptcy Procedure do not authorize the court to establish a new bar date, once the original bar date has passed, except in the circumstance of a noticing error by the clerk's office. *See In re Sablone*, 157 B.R. 739, 742 (Bankr.D.Conn.1993) Federal Rules of Bankruptcy Procedure provide sole authority for court to extend time to file objection to discharge or dischargeability, and Rules 4004, 4007 and 9006 do not allow court any discretion to grant a late-filed motion by a creditor who invokes doctrine of excusable neglect to extend bar date. "Refusal by courts to extend ... not mindless." The Bankruptcy Code contains other provisions for dealing with situation where a creditor is not properly and timely notified of bar dates.... *See, e.g.*, Code § 523(a)(3) (debtor not discharged from any debt not properly listed "in time to permit—... (B) if such debt of a kind specified in [§ 523(c)], timely filing of proof of claim and timely request for a determination of dischargeability of such debt under [§ 523(c)] unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."); *In re Pratt*, 165 B.R. 759 (Bankr. D.Conn.1994) (creditors' assertion that they did not receive duly mailed notice of original bar date to file nondischargeability complaint, insufficient basis for court to reopen debtor's case as court lacks discretion to extend bar date once passed); *In re Ginsberg*, 172 B.R. 167 (Bankr.D.Conn. 1994) (where court had affirmatively misled a creditor through setting of incorrect bar date, court can correct its own mistake and grant creditor's motion to extend bar date).

The debtor posits that "the Court of Appeals For The Second Circuit has overruled *sub silentio* the holdings of *Sablone*, *Pratt* and *Ginsberg*" in *In re Benedict*, 90 F.3d 50 (2nd Cir.1996), (Debtor's Brief at 5). While each of this court's holdings dealt with a request solely *by a creditor*, and not *by a debtor*, to extend bar dates, the court agrees with the debtor that the *Benedict* ruling established for the first time a circuit-wide standard for a bankruptcy court to follow in determining whether to extend bar dates. This standard makes some of the language which this court used in the three cited holdings overbroad and too restrictive.

■ *Benedict* decided that the time bar for the filing of dischargeability complaints is comparable to a statute of limitations, and, as such, "generally subject to the defenses of waiver, estoppel and equitable tolling," (quoting from *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985)). 90 F.3d at 54. The Court of Appeals ruled that this conclusion was "consistent with the line of cases that has allowed an extension of the time period when the creditor was affirmatively misled by the bankruptcy court as to the filing deadline." *Id.* at 54.

The specific circumstances in *Benedict* were that a debtor and a creditor entered into a stipulation agreeing that if the debtor rescinded a reaffirmation agreement, the creditor would have a right to file a § 523(c) complaint. At a hearing on the stipulation, held on March 11, 1994, the bankruptcy court extended the § 523(c) bar date from January 20, 1994 to June 20, 1994 ("the March Order"). Thereafter, the debtor rescinded the reaffirmation agreement and moved to vacate the March Order on the ground that the bankruptcy court lacked the discretion to extend the expired bar date. The bankruptcy court

---

**2.** *In re Alton*, 837 F.2d 457 (11th Cir.1988); *In re Anwiler*, 958 F.2d 925 (9th Cir.1992); *In re Themy*, 6 F.3d 688 (10th Cir.1993); *In re* *Kennerley*, 995 F.2d 145 (9th Cir.1993); *In re Isaacman*, 26 F.3d 629 (6th Cir.1994).

agreed with the debtor and vacated the March Order. The district court affirmed. The Second Circuit reversed, concluding that, under the circumstances, the debtor "intentionally waived her right to object to the extension of time." 90 F.3d at 54. The court determined "that the bankruptcy court's March Order was proper and should not have been rescinded for lack of jurisdiction." 90 F.3d at 55.

In the present proceeding, the debtor stipulates that he wishes, unilaterally, to waive his right to object to the filing of discharge and dischargeability complaints beyond the original bar date for four creditors. The four creditors do not join the debtor in such a stipulation. The debtor, understandably, and relying on *Benedict*, has moved to establish a new bar date in order to resolve questions arising from the possible defective noticing of the original bar date. This court is unable to agree with the debtor's *Benedict* analysis. The court does not accept *Benedict's* reference to a creditor's defenses of waiver, estoppel and equitable tolling to cover the facts of this proceeding and to justify the setting of a new bar date by the court.

## IV.

### *CONCLUSION*

For the foregoing reasons, the court declines to set a new bar date as requested. Accordingly, the debtor's motion is denied. It is

**SO ORDERED.**