In re John G. CORBIN, Debtor.

Jon L. Schoenhorn dba Schoenhorn & Associates, Movant,

v.

John G. Corbin, Respondent.

No. 99–23880.

United States Bankruptcy Court, D. Connecticut.

Oct. 10, 2000.

Fatima T. Lobo, Beck & Eldergill, P.C., Manchester, CT, for Movant.

Gregory F. Arcaro, Grafstein and Associates, Farmington, CT, for Debtor–Respondent.

### RULING ON "MOTION FOR EXTENSION OF TIME, NUNC PRO TUNC"

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

John G. Corbin ("the debtor") filed a Chapter 7 petition on December 7, 1999, and the court, by its order dated December 13, 1999, established a deadline of March 13, 2000 for the filing of complaints in his estate to determine dischargeability of certain debts. The debtor's bankruptcy schedules properly listed Jon L. Schoenhorn, Esq. ("Schoenhorn") as a judgment creditor with a claim of $21,195.00.

Schoenhorn failed to file a complaint to determine dischargeability by the March 13, 2000 deadline, but on March 16, 2000 filed the instant motion "pursuant to Bankruptcy Rule 4007(c)" [1] for an extension of

---

1. Rule 4007(c) provides
(c) *Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, or Chapter 12 Family* *Farmer's Debt Adjustment Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the

60 days within which to file such a complaint. (Motion at 1). The debtor, on March 21, 2000, filed an objection to Schoenhorn's motion.[2]

## II.

At the August 29, 2000 hearing on the contested motion, Schoenhorn was the only witness. He testified that while, prior to March 13, 2000, he personally was unaware of the debtor's bankruptcy filing and the bar date for filing a nondischargeability complaint, he conceded that his law office had timely received the bankruptcy court-issued notice of the bar date. He stated an office employee had placed the notice in a file and failed to advise him of its receipt.

Schoenhorn, in 1999, had received a judgment against the debtor based upon the debtor having guaranteed the debtor's son's legal fees due Schoenhorn. Schoenhorn first learned of the debtor's bankruptcy filing when, while on vacation, he called his law office, on or about March 15, 2000.

## III.

■ Since Schoenhorn's motion, on its face, does not come within the provisions of Rule 4007(c)—not having filed his motion for extension "before the time has expired"—he argues in his post-hearing memorandum only that the court should sustain his motion using "equitable factors." (Movant's Memorandum at 3). Relying on *In re Benedict*, 90 F.3d 50 (2nd Cir.1996), Schoenhorn asserts that because the debtor did not in person notify him of the debtor's bankruptcy filing at some point during the state-court proceedings, Schoenhorn should be allowed to file a late complaint under the doctrine of "equitable tolling." (Movant's Memorandum at 4).

Schoenhorn does not submit a definition of "equitable tolling", but the phrase commonly means that once a statute of limitations has run, the statute may be tolled for a party if (1) there is no negligence or laches on the part of the party to discover his cause of action and (2) there was some affirmative act of fraudulent concealment of the cause of action. *See Long v. Abbott Mortgage Corporation*, 459 F.Supp. 108, 113 (D.Conn.1978).

■ The record made in this proceeding does not come within, or even near, the doctrine of equitable tolling. Schoenhorn's law office was clearly negligent in simply filing the bankruptcy notice without recognizing its significance, and the debtor committed no fraud in not seeking Schoenhorn out individually to notify him of the bankruptcy filing. The applicable Federal Rules of Bankruptcy Procedure do not authorize the court to establish a new bar date, once the original bar date has passed for the filing of nondischargeability complaints, except when waiver, estoppel and equitable tolling may apply. *In re Chain*, 251 B.R. 193 (Bankr.D.Conn.2000). The court has no valid basis to justify the granting of Schoenhorn's motion for extension of time.

## IV.

### CONCLUSION

The motion for extension of time is denied, and it is

### SO ORDERED.

---

first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

**2.** The court granted the debtor his discharge on March 28, 2000.