In re Kenneth S. BOLAND, Debtor.

No. 01–31628(LMW).

United States Bankruptcy Court, D. Connecticut.

April 16, 2002.

Frederick A. Dlugokecki, Naugatuck, CT, for Debtor.

## MEMORANDUM OF DECISION RE: MOTION TO REOPEN NO ASSET CHAPTER 7 CASE TO ADD A CREDITOR

LORRAINE M. WEIL, Bankruptcy Judge.

The matter before the court is the above-captioned debtor's (the "Debtor") Motion To Reopen Case To Add a Creditor (Doc. I.D. No. 8, the "Motion").[1] The following facts have been gleaned from the record of this case.

## I. FACTS

The Debtor commenced this case by voluntary petition filed on April 2, 2001. (See Doc. I.D. No. 1.) The Debtor filed his schedules and statement of financial affairs (collectively, with the Summary of Schedules, the Debtor's lists and matrix, the "Schedules") at the same time. (See Doc. I.D. No. 1.) The Clerk's Office issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Doc. I.D. No. 2, the "Notice") on April 3, 2001. The Notice did not set a deadline for filing proofs of claim but, rather, contained the following language: "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So." (See Notice.)[2] The meeting of creditors provided for by Bankruptcy Code § 341 was held on May 4, 2001 and, on May 9, 2001, the chapter 7 trustee filed a Trustee's Report of No Distribution

(Doc. I.D. No. 4). The Debtor received his chapter 7 discharge (the "Discharge") by order entered on July 17, 2001 (Doc. I.D. No. 5). A Final Decree that the estate "ha[d] been fully administered" was entered on August 1, 2001 (see Doc. I.D. No. 7) and the case was closed on the same day.

The Debtor filed the Motion on January 31, 2002. (See Doc. I.D. No. 8.) The Motion alleges that "the [D]ebtor inadvertently omitted one creditor from his ... [Schedules], Sikorsky Federal Credit Union [the "Omitted Creditor"] ...." (Motion ¶ 4.) The Motion further alleges that

> The [D]ebtor desires to reopen his case for the purpose of amending ... the ... Schedules ... by adding the [Omitted Creditor] ... and to establish a new deadline date for the said creditor to file a complaint objecting to discharge of the [D]ebtor or to determine dischargeability of certain types of debts [the "Discharge/ Dischargeability Deadline"].

(Motion ¶ 5.) Notice of the Motion and of the opportunity to object thereto was given by the Debtor to the Omitted Creditor, to the former chapter 7 trustee and to the United States Trustee pursuant to this court's Bar Date Procedure on January 29, 2002. (See Doc. I.D. No. 10.) No objection to the Motion was filed and on February 20, 2002, the Debtor filed that certain

---

**1.** This is a core matter pursuant to 28 U.S.C. § 157.

**2.** The foregoing language is in accordance with Rule 2002(e) of the Federal Rules of Bankruptcy Procedure which provides in relevant part as follows:

> In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement ... that it is unnecessary to file claims ... [a "Rule 2002(e) Notice"].

Fed R. Bankr.P.2002(e) (West 2002). Rule 3002(c)(5) of the Federal Rules of Bankruptcy

Procedure provides in relevant part as follows:

> If [a Rule 2002(e) Notice] ... was given to creditors ..., and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice [a "Rule 3002(c)(5) Notice"].

Fed. R. Bankr.P. 3002(c)(5) (West 2002). A case in which a Rule 2002(e) Notice has been sent and not followed by a Rule 3002(c)(5) Notice hereafter is referred to as a "No–Asset Case".

Request for Entry of Proposed Order pursuant to the Bar Date Procedure. (*See* Doc. I.D. No. 11.) Nevertheless, for reasons which will become apparent, this court elected to set the Motion down for a hearing on notice to the Debtor, his counsel, to all persons and entities previously served by the Debtor pursuant to the Bar Date Procedure (including the Omitted Creditor) and all creditors listed in the Schedules. (*See* Doc. I.D. Nos. 12, 13.) That hearing was convened on March 20, 2002. Only the Debtor (through counsel) appeared at the hearing. At the conclusion of the hearing, the court took the matter under advisement.

## II. *DISCUSSION*

■ Bankruptcy Code § 350(b) provides in relevant part: "A case may be reopened in the court in which such case was closed to ... accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 2002). The decision whether or not to reopen a case is discretionary with the court. *In re Caicedo,* 159 B.R. 104, 105 (Bankr.D.Conn.1993) (Krechevsky, B.J.). The issue of whether a bankruptcy court has discretion to grant a debtor's motion to reopen a closed No–Asset Case for the purpose of amending the debtor's schedules to add a previously omitted unsecured creditor after the debtor has received a chapter 7 discharge has generated controversy in the courts.

Some courts take the view that (subject to certain conditions) a motion to reopen to add a previously omitted unsecured creditor in a No–Asset Case should be granted as in some sense necessary to accord the debtor's discharge its maximum reach and

to permit the omitted creditor to share in after-discovered property of the estate. *See, e.g., Stark v. St. Mary's Hospital (In re Stark),* 717 F.2d 322 (7th Cir.1983); *In re Zablocki,* 36 B.R. 779 (Bankr.D.Conn. 1984) (Krechevsky, B.J.). Other courts take the view that such a motion generally should be denied as unnecessary because those courts hold that actual scheduling of the debt owed to the omitted creditor is irrelevant to the reach of the debtor's discharge. *See, e.g., Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433 (9th Cir.1993); *In re Rollinson,* 273 B.R. 352 (Bankr.D.Conn.2002) (Dabrowski, B.J.).[3]

Still other courts, even while adopting the *Beezley* view concerning the effect (or noneffect) of amending the debtor's schedules on the reach of the debtor's discharge, nevertheless hold that the grant of the motion to reopen in a No–Asset Case to permit the debtor to add an omitted creditor to the schedules is nevertheless a proper exercise of the bankruptcy court's discretion under Section 350(b) citing the following considerations:

> [A]llowing ... [the debtor] to list all of her discharged creditors is in keeping with the practical considerations pertinent to Chapter 7 debtors, and in keeping with the primary purpose of the Bankruptcy ... [Code] of affording debtors a fresh start. Not only will amending ... [the debtor's] schedules ensure the comprehensiveness of her Chapter 7 discharge, making it easier for her to obtain credit in the future [because prospective new lenders may require that all her discharged debts

---

**3.** It is *never* appropriate for a debtor to omit a claim intentionally from the debtor's schedules (which in practice is done sometimes if the debtor intends that the discharge not apply to that debt). That course of action is improper because a debtor has a statutory duty to file an accurate schedule of claims.

*See* 11 U.S.C. § 521(1). *See also* Official Form B6, Declaration Concerning Debtor's Schedules ("I declare under penalty of perjury that I have read the foregoing ... schedules ... and that they are true and correct to the best of my knowledge, information and belief.").

appear on her schedules], but amending her schedule to add ... [the omitted creditor] as a creditor also ensures that if assets are later discovered, ... [such creditor] would receive notice to file a proof of claim, enabling him to participate in any distribution of ... [such] assets.

*Judd v. Wolfe*, 78 F.3d 110, 117 (3d Cir. 1996) (citations omitted). Thus, those courts reason that grant of such a motion "accord[s] relief" to the debtor (who arguably is under a continuing duty to file true and accurate schedules) and/or to the omitted creditor (which relief would constitute Section 350(b) "cause"). *See* 11 U.S.C.A. § 350(b).

Without deciding what effect (if any) the contemplated amendment of the Schedules would have upon the reach of the Discharge,[4] this court has determined that, provided that both creditors already scheduled in the case and the creditor(s) proposed to be added to the debtor's schedules have been given notice of the Section 350(b) motion to reopen and do not object, a debtor's motion to reopen a No–Asset Case should be granted. In so deciding, this court considers of particular relevance the possibility that a putative No–Asset Case may be reopened later to administer after-discovered assets (which happens rarely but often enough to be of concern) and that a Rule 3002(c)(5) Notice will be sent out in the reopened case. In that event, it is not a sufficient answer to say that the debtor can file his amended schedule at that time: counsel pass in and out of the case; records are lost; memories fail; and even if the debtor (and the reach of the debtor's discharge) are not at risk, the creditor's right to share in the distribution of after-discovered assets is. Accordingly, when (as here) no creditor has objected to the motion to reopen on the grounds that it would prejudice such creditor's rights [5], it is preferable to grant a motion to reopen a No–Asset Case in order to permit the debtor to amend his schedules when the problem first comes to his (or his counsel's) attention and, thus, to provide the Clerk's Office with a full and correct list of creditors in the event that a Rule 3002(c)(5) Notice is sent in the future. Thus, there is "cause" to grant the Motion within the purview of Section 350(b).

### III. CONCLUSION

For the above-stated reasons, the Motion will be granted to the following extent. An order will enter ordering that: (1) this case be reopened to permit the Debtor to file (and serve) amended Schedules and for

4. The court declines to take a position on that issue here because no party in interest has objected to the Motion and, accordingly, the court does not have the benefit of the adversarial process to inform its analysis.

5. Grant of the Discharge terminated the automatic stay against all acts except acts in respect of property of the estate. *See* 11 U.S.C. § 362(c)(2). Reopening the case does not affect that termination. Moreover, closing the case effects a technical abandonment of all property of the estate that was scheduled properly and not otherwise administered by the trustee or effectively exempted by the debtor. *See* 11 U.S.C. § 554(c). Abandoned property is not property of the estate and thus the technical abandonment terminates the automatic stay for Section 362(c)(1) purposes. *See* 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate ... continues until such property is no longer property of the estate"....). Courts vary in their analysis as to whether or not reopening the case automatically rescinds the technical abandonment. *See e.g., Woods v. Kenan (In re Woods)*, 173 F.3d 770 (10th Cir.), *cert. denied*, 528 U.S. 878, 120 S.Ct. 187, 145 L.Ed.2d 157 (1999) (discussing various approaches by the courts to that issue; holding that "abandonment under § 554(c) 'is merely a rebuttable presumption [in a reopened case] ....'" (citation omitted)). However, since no creditor has objected here to the reopening on those (or any other) grounds, it is not necessary for the court now to address that issue.

 

any other lawful purpose; (2) no chapter 7 trustee shall be appointed herein unless subsequently ordered by the court; and (3) if, at any time after thirty (30) days from the date of this order, there are no pending matters in the case, the clerk shall close the case without further order of the court whether or not amended Schedules have been filed (and served) by the Debtor.[6]

---

6. In reopening this case, the court does not grant substantive relief. Accordingly, any request that the court set a new Discharge/Dischargeability Deadline for the Omitted Creditor is not before the court but, rather, must be raised by the Debtor (or any other party in interest) by separate pleading filed while this case is open pursuant to this order. However, this court notes that in *In re Chain*, 251 B.R. 193 (Bankr.D.Conn.2000) (Krechevsky, B.J.), a court in this district refused to extend a Discharge/Dischargeability Deadline on the request of a debtor filed after the deadline had expired. Further, in *Schoenhorn v. Corbin (In re Corbin)*, 254 B.R. 61 (Bankr. D.Conn.2000) (Krechevsky, B.J.), a court in this district held that a Discharge/Dischargeability Deadline would not be extended at a creditor's request filed after the deadline had expired absent proof of circumstances supporting the application of equitable tolling. Further, this court expresses no opinion as to whether the debt of the Omitted Creditor may be nondischargeable in any event under Section 523(a)(3) or some other provision of Bankruptcy Code § 523(a) (other than Bankruptcy Code § 523(a)(2), (4), (6) or (15)) even if the Discharge/ Dischargeability Deadline is not extended. *See* 11 U.S.C. § 523(c) (Discharge/Dischargeability Deadline does not apply to complaints for a determination of nondischargeability filed pursuant to Section 523(a) other than those filed under Section 523(a)(2), (4), (6) or (15)). Moreover, there are other potential fora available for such a determination. *See* 28 U.S.C. § 1334(b) (State courts have concurrent judgment with the United States District Courts to adjudicate proceedings under Section 523(a) that are not subject to Section 523(c)).