**In re Kim Elizebeth REFINO, Debtor.**

**No. 99–32213 LMW.**

United States Bankruptcy Court,
D. Connecticut.

Feb. 5, 2003.

Mark O. Grater, Esq., Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C., Groton, CT, for Debtor.

Carl Silvestri, Greenville, RI, pro se.

Susan Silvestri, Greenville, RI, pro se.

***MEMORANDUM OF DECISION RE: MOTION TO REOPEN NO ASSET CHAPTER 7 CASE TO CREDITORS***

LORRAINE MURPHY WEIL,
Bankruptcy Judge.

The matter before the court is the above-captioned debtor's (the "Debtor")

Motion To Reopen (Doc. I.D. No. 8, the "Motion") this chapter 7 case to add creditors omitted from the Debtor's schedules and matrix.[1]

## I. FACTS

The Debtor commenced this case by voluntary petition filed on May 26, 1999. (*See* Doc. I.D. No. 1.) The Debtor filed her schedules and statement of financial affairs (collectively, with the Summary of Schedules, the Debtor's lists and matrix, the "Schedules") at the same time. (*See* Doc. I.D. No. 1.) The Clerk's Office issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Doc. I.D. No. 2, the "Notice") on May 27, 1999. The Notice did not set a deadline for filing proofs of claim but, rather, contained the following language: "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So." (*See* Notice.)[2] The Notice set August 30, 1999 as the last day for filing complaints for determinations of nondischargeability under Bankruptcy Code §§ 523(a)(2), (4), (6) or (15). (*See* Notice.) The meeting of creditors provided for by Bankruptcy Code § 341 was held

on June 29, 1999 and, on June 30, 1999, the chapter 7 trustee filed a Trustee's Report of No Distribution. (*See* Doc. I.D. No. 4.) The Debtor received her chapter 7 discharge (the "Discharge") by order entered on September 14, 1999. (*See* Doc. I.D. No. 5.) A Final Decree that the estate "ha[d] been fully administered" was entered on September 22, 1999 (*see* Doc. I.D. No. 7) and the case was closed on the same day.

The Debtor filed the Motion on June 10, 2002. (*See* Doc. I.D. No. 8.) The Motion seeks to reopen this chapter 7 case for the purpose of adding three creditors[3] who were not listed in the Schedules. Annexed to the Motion is the Debtor's affidavit swearing that such omission was "inadverten[t]." (*See* Doc. I.D. No. 8.) The Debtor initially sought to use this court's "Short Calendar Procedure" to obtain an order granting the Motion without a hearing if there were no timely objection. (*See* Doc. I.D. Nos. 9, 10.) However, stating that a timely objection to the Motion had been filed, the Debtor requested that the Motion be scheduled for a hearing. (*See* Doc. I.D. No. 11, the "Hearing Request.")[4]

---

1. This is a core matter pursuant to 28 U.S.C. § 157.

2. The foregoing language is in accordance with Rule 2002(e) of the Federal Rules of Bankruptcy Procedure which provides in relevant part as follows:

    In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement ... that it is unnecessary to file claims ... [a "Rule 2002(e) Notice"].

    Fed R. Bankr.P.2002(e) (West 2003). Rule 3002(c)(5) of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows:

    If [a Rule 2002(e) Notice] ... was given to creditors ..., and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may

file proofs of claim within 90 days after the mailing of the notice [a "Rule 3002(c)(5) Notice"].

Fed. R. Bankr.P. 3002(c)(5) (West 2003). A case in which a Rule 2002(e) Notice has been sent and not followed by a Rule 3002(c)(5) Notice hereafter is referred to as a "No–Asset Case". As appears in the main text of this memorandum, this case is a No–Asset Case.

3. The creditors are: Joseph Refino (the Debtor's former husband); and Carl and Susan Silvestri.

4. In fact, the docket for this case evidences that no such objection had been filed with this court. However, the court treats the Hearing Request as a waiver of the Debtor's rights under the Short Calendar Procedure. Accordingly, the court treats the Objectors' Brief (as defined below) as a timely written objection to the Motion.

Pursuant to the Hearing Request, a hearing (the "Hearing") on the Motion was scheduled for, and convened on, July 17, 2002. At the Hearing, Carl and Susan Silvestri (collectively, the "Objecting Creditors") appeared *pro se* and orally objected to the Motion. At the conclusion of the Hearing (at which neither side submitted evidence), the court took the matter under advisement and scheduled post-Hearing briefing. The Debtor and the Objecting Creditors (*pro se*) both filed post-Hearing briefs. Annexed to the Objecting Creditors' post-Hearing brief are documents which, for the purposes of this memorandum only, the court will treat as admissible evidence. (*See* Doc. I.D. No. 15, the "Objectors' Brief.") The court gleans the following allegations from the Objectors' Brief and the attachments thereto.

The Objecting Creditors claim that on or about January 5, 1998, they (as creditors) entered into an agreement with the Debtor and her then-husband (as debtors) for an unsecured, interest free loan in the amount of $20,000, payable in installments of $500.00 per month. The Objecting Creditors allege that such loan already had been fully funded, allegedly from funds earmarked for the Objecting Creditors' young daughter's "college fund." The Objecting Creditors further allege that, after about four years of payments (primarily by the Debtor's former husband), the Debtor and her former husband defaulted on the loan. Unaware of the Discharge, the Objecting Creditors retained an attorney to sue the Debtor and her former husband on the loan, which the attorney did in or about May of 2002.[5] Shortly thereafter, the Debtor filed the Motion.

The Objecting Creditors assert that the Debtor's failure to list them in the Sched-

ules was intentional. Moreover, the Objecting Creditors allege:

> [The Debtor] . . . is a woman who is in a much better financial situation today than we are. She has no bills thanks to Chapter 7; she works 40 to 50 hours a week as a travel agent, plus commission, drives a car, that is newer than ours, lives in an apartment that costs more than ours. And most recently married in St. Marten, where she had the wedding she'd dreamed.
>
> We are not a business, nor a corporation, something that she was two years prior to her original bankruptcy (but not listed), and have no insurance to protect ourselves. We were the best of friends, friends who were totally unaware that the day she attended our daughters' [sic] (her godchild) graduation, she was signing the papers to re-open this case against us.

(Objectors' Brief at 2.) This matter now is ripe for decision.

## II. *DISCUSSION*

■ The Objecting Creditors' objection to the Motion is based on the assumption that the Debtor's amendment of the Schedules will do the Objecting Creditors some harm (or at least more harm than the entry of the Discharge had already inflicted). That is not so. Although there is not complete agreement among the courts on this issue, the more recent and better reasoned cases hold that, in No-Asset Cases, actual scheduling of a creditor is not necessary to render an otherwise dischargeable debt discharged. *See, e.g., Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433 (9th Cir.1993) (per curiam); *In re Rollinson,* 273 B.R. 352 (Bankr.D.Conn.2002) (Dabrowski, J.). The foregoing has been held to apply even if

---

**5.** The Debtor's former husband allegedly also had filed a bankruptcy petition of which the

Objecting Creditors were then apparently also unaware.

the failure to schedule was not inadvertent. *See, e.g., Watson v. Parker (In re Parker),* 313 F.3d 1267, 1268 (10th Cir.2002); *In re Woolard,* 190 B.R. 70 (Bankr.E.D.Va. 1995).[6] Thus, the Objecting Creditors are no worse off if the Schedules are amended as proposed than if they are not. That is because, as established by the foregoing line of cases, Section 523(a)(3)(A) does not apply in a No–Asset Case.[7] Moreover, the proposed amendment to the Schedules has no effect upon whether Section 523(a)(3)(B) may apply in this case. If the Objecting Creditors can prove a valid claim for nondischargeability under Bankruptcy Code §§ 523(a)(2), (4) or (6) and that they lacked the requisite "notice or actual knowledge," they would remain free to assert such a claim in any court of competent jurisdiction even if the Schedules are amended as proposed. *See Boland,* 275 B.R. at 679 n. 6.[8]

■ In *Boland,* this court held that the foregoing analysis did not mean that grounds for reopening under 11 U.S.C.

§ 350 did not exist and encouraged debtors to reopen cases to correct their schedules if for no other reason than to equip the Clerk's office to deal with late-identified assets. *See Boland,* 275 B.R. at 678. However, although the Objectors' Brief (deemed to be a written objection to the Motion) must be overruled, the court declines now to grant the Motion. That is because creditors who *were* listed in the Schedules (the "Other Creditors") were not notified concerning the Motion and thus were deprived of the opportunity to raise (or waive) certain other issues noted but left undecided by *Boland.* *See Boland,* 275 B.R. at 678 n. 5.

## III. *CONCLUSION*

For the reasons discussed above, (a) by separate marginal order the Objectors' Brief (deemed to be an objection to the Motion) shall be overruled and (b) unless on or before February 19, 2003 the Debtor shall file a certificate of service (pursuant to this court's Short Calendar Procedure

---

6. However, as this court has previously noted: "It is *never* appropriate for a debtor to omit a claim intentionally from the debtor's schedules [even if the debtor intended that such debt not be discharged] ... because a debtor has a statutory duty to file an accurate schedule of claims." *In re Boland,* 275 B.R. 675, 677 n. 3 (Bankr.D.Conn.2002) (emphasis in original).

7. Bankruptcy Code § 523(a)(3) provides as follows:

   [A discharge under section 727 ... of this title does not discharge an individual debtor from any debt] ... neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

   (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request ....

11 U.S.C.A. § 523(a)(3) (West 2003).

8. The Objecting Creditors have not stated the grounds for a Section 523(a)(2), (4) or (6) claim in the Objectors' Brief. However, the court declines to hold that more artfully drawn pleadings could not do so. Nevertheless, given potential contempt sanctions for violation of the Discharge and/or exposure to liability for damages under Bankruptcy Code § 523(d) for nondischargeability complaints brought without "substantial justif[ication]", the court urges the Objecting Creditors to obtain advice of counsel before any decision to file a complaint alleging a Section 523(a)(3)(B) claim of nondischargeability against the Debtor.

or otherwise) certifying that the Motion has been duly served on the Other Creditors, a separate marginal order will enter denying the Motion.