In re James J. FARRELL, III, Debtor.

James J. Farrell, III, Plaintiff,

v.

Sperry Decew and Richard Burke, Defendants.

Bankruptcy No. 94–50544.
Adversary No. 02–05049.

United States Bankruptcy Court,
D. Connecticut.

April 17, 2003.

James J. Farrell, Norwalk, CT, pro se.

Heather Wilson, Assistant Attorney General, Hartford, CT, for Burke.

## ORDER ON MOTION TO DISMISS

ALAN H. W. SHIFF, Chief Judge.

The plaintiff-debtor commenced this chapter 7 case on February 5, 1994. The trustee filed a May 6, 1994 report of no distribution,[1] and on August 18, 1994, the plaintiff received a discharge. On October 14, 1994, the case was closed.

On April 9, 1995, the plaintiff's father died. On February 20, 2001 he moved to reopen his bankruptcy case. The motion was granted on January 24, 2002. On August 8, 2002, the plaintiff filed this adversary proceeding against the defendants for their alleged willful violation of the automatic stay and his discharge. *See* 11

---

1. Since no bar date for filing a proof of claim was scheduled, this is a no-asset, no-bar date case. *See Judd v. Wolfe,* 78 F.3d 110, 113 (3rd Cir.1996).

U.S.C. §§ 362(h) and 524(a)(1). On November 7, 2002, the defendant Richard Burke, who at all relevant times was a Probate Court judge for the District of New Canaan, Connecticut,[2] filed the instant motion to dismiss, asserting that the Rooker–Feldman doctrine, *see infra*, bars the relief sought in this court. For the reasons that follow, it is determined that the doctrine does not apply.

On April 1, 1999, Judge Burke approved a final accounting, prepared by defendant Sperry DeCew, which included a setoff against a distribution to the plaintiff. On June 4, 1999, the plaintiff filed an appeal in Superior Court of Connecticut, which referred the matter to a referee. The plaintiff argued that the probate court erred in applying the setoff (the "subject debt") because it had been discharged in his bankruptcy case. On January 15, 2001, the referee recommended affirming the decision of the probate court. It is noted that the state court appeal was suspended after the plaintiff moved to reopen his bankruptcy case, but before it was in fact reopened.

■■■ It is well settled by the Rooker–Feldman doctrine that the grant of original jurisdiction to district courts, *see* 28 U.S.C. § 1331 and by extension to bankruptcy courts, 28 U.S.C. § 157(a), "does not authorize district [or bankruptcy] courts to exercise appellate jurisdiction over [final] state court judgments." *Verizon Maryland Inc. v. Public Service Commision of Maryland*, 535 U.S. 635, 122 S.Ct 1753, 1760, 152 L.Ed.2d 871 (2002). Here, as noted, the plaintiff's state court appeal was suspended. Thus, there is no final state court judgment, and Rooker–Feldman is inapplicable. Moreover, that doctrine does not bar this court from determining whether a debt had been discharged and whether a discharge injunction has been violated. *See* 11 U.S.C. §§ 523(a) and 524(a)(1). *See also, In re Cruz*, 254 B.R. 801, 811 (Bankr.S.D.N.Y. 2000) and *In re Pavelich*, 229 B.R. 777, 783 (9th Cir. BAP 1999) ("bankruptcy court erred when it ruled that the Rooker–Feldman doctrine stripped it of jurisdiction to consider whether the state court's judgment was void ab initio and whether the discharge injunction had been violated.")

The plaintiff must have an opportunity to prove the predicate facts to establish such a violation, *i.e.*, that the subject debt arose prepetition and was discharged. *See, e.g., Judd v. Wolfe*, 78 F.3d 110, 113 (3rd Cir.1996) (cited in *In re Boland*, 275 B.R. 675, 677 (Bankr.D.Conn.2002)) and 11 U.S.C. § 523(a)(3).

Accordingly, the motion to dismiss is DENIED, and it is SO ORDERED; and

IT IS FURTHER ORDERED that not later than May 19, 2003, the plaintiff is directed to exchange and file, with two copies provided to chambers, a proposed pretrial order in accordance with this court's pretrial form and guidelines for evidentiary proceedings.

---

2. It is noted that the plaintiff has filed a motion to substitute Judge Burke with the current probate court judge for the District of New Canaan. It is not clear whether the State of Connecticut has also been named as a defendant.