

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# In Re: Albert Fields

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Albert Fields " (2008). *2008 Decisions.* Paper 1513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4070
_____

IN RE: ALBERT J. FIELDS, JR.,
Appellant

v.

JACK BLEIMAN

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-5451)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2008

Before: RENDELL, JORDAN and GARTH, Circuit Judges

(Filed: February 27, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Albert J. Fields, Jr., filed a voluntary petition for bankruptcy under Chapter 7 of

the Bankruptcy Code. The Bankruptcy Court appointed a trustee, who subsequently filed

a notice of intention to abandon property, namely the debtor's residence, real property at

105 S. Miller Avenue in Penns Grove, New Jersey, because it was of inconsequential value to the bankruptcy estate (the $46,000 property was encumbered by liens totaling almost $37,000). No objections to the notice were filed, and, in due course, on February 16, 2006, the trustee filed a certification of no objection to the abandonment of the property. Pursuant to the terms of the notice, the abandonment became effective soon thereafter, on February 20, 2006. The trustee also entered a report of no distribution, noting that he did not receive any property or pay any money on account of the bankruptcy estate except exempt property and that he had found no property available for distribution from the estate. The Bankruptcy Court granted Fields a discharge pursuant to 11 U.S.C. § 727 and decreed that his estate had been fully administered.

A few months later, Fields filed a motion to reopen the case under 11 U.S.C. § 350(b), complaining that one of his creditors violated the automatic stay provisions of 11 U.S.C. § 362(a). He requested that the Bankruptcy Court vacate "any and all post-petition non-bankruptcy matters between the parities [sic] as a result of the Creditor's violation of the Automatic stay." Fields argued that the creditor who initiated foreclosure proceedings on his Penns Grove residence on February 27, 2006, violated the automatic stay.

The Bankruptcy Court reopened the case but, after a hearing, otherwise denied Fields's motion. Fields filed a motion for reconsideration, which the Bankruptcy Court also denied. Fields appealed to the District Court, and filed an emergency motion for a

2

stay pending appeal. The District Court denied Fields's motion for a stay and affirmed the Bankruptcy Court's judgment. Fields filed a motion for reconsideration, which the District Court denied. Taking issue with the District Court's determination that the automatic stay was not violated, Fields appeals.

The District Court had jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's orders under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

In complete agreement with the District Court's analysis of the Bankruptcy Court's decisions, we affirm. To summarize, the bankruptcy trustee abandoned the property pursuant to 11 U.S.C. § 554 (as Fields does not dispute). When the abandonment became effective, the real property was no longer property of the bankruptcy estate. See Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 617 (7th Cir. 2002); Catalano v. Comm'r of Internal Revenue, 279 F.3d 682, 685 (9th Cir. 2002). Accordingly, the automatic stay did not apply to actions affecting the Penns Grove property. See 11 U.S.C. § 362(c)(1); In re Boland, 275 B.R. 675, 678 n.5 (Bankr. D. Conn. 2002). Therefore, Fields's creditor, who initiated foreclosure proceedings after the property was abandoned, did not violate

3

the automatic stay.  The Bankruptcy Court made no error, so the District Court properly affirmed the Bankruptcy Court's decision (and denied Fields's emergency motion and motion for reconsideration).  We will affirm the District Court's order.