**In re David BACHMAN, Debtor.**

**No. 02–32903 (LMW).**

United States Bankruptcy Court,
D. Connecticut.

July 18, 2003.

Carl T. Gulliver, Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, CT, for Debtor.

### MEMORANDUM OF DECISION RE: AMENDED MOTION BY DEBTOR TO SET DEADLINE FOR ADDITIONAL CREDITORS TO SEEK EXCEPTION TO DISCHARGE OF THEIR RESPECTIVE CLAIMS

LORRAINE M. WEIL, Bankruptcy Judge.

Before the court is the Amended Motion by Debtor To Set Deadline for Additional Creditors To Seek Exception to Discharge of Their Respective Claims (Doc. I.D. No. 23, the "Amended Motion"). An evidentiary hearing (the "Hearing") on the Amended Motion was held on March 27, 2003. As explained below, the Amended Motion must be denied in its entirety.

## I. FACTS [1]

(Unless otherwise noted) at all relevant times the Debtor was (and is) a practicing attorney. The Debtor experienced a severe bout of depression probably beginning in the late fall of 2000. By February, 2001, the Debtor became aware that his mental and emotional state was seriously and adversely affecting his work. Attorney friends of his also became aware that he was in trouble and volunteered to take his active cases, at least on a temporary basis. The Debtor accepted their offers and turned over the appropriate files to them. By August, 2001, he had lost his office lease and was practicing out of his home.

The Debtor commenced this chapter 7 case by the filing of a petition on June 14, 2002. Accompanying his petition were schedules and a statement of affairs (collectively, the "Original Schedules"). On June 18, 2002, the Clerk's office issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice") which, among other things, set September 23, 2002 (the "Specific Bar Date") as the last date for creditors to file Bankruptcy Code § 523(c) nondischargeability complaints.[2] Some time after the date of the Notice, Kenneth Nolan asserted a malpractice claim against the Debtor and obtained relief from stay to pursue the Debtor's malpractice coverage. The Debtor had represented Mr. Nolan in a personal injury action prepetition and his suit had been dismissed prepetition on improper service grounds; however, proper service was precluded by the running of the relevant statute of limitation. The Debtor erroneously believed that the attorney who had taken the Nolan file had successfully obtained a reopening of the judgment of dismissal.[3] Although prior to the bankruptcy filing the Debtor was aware of Mr. Nolan's dissatisfaction with the Debtor's representation of him, the Debtor did not list Mr. Nolan in the Original Schedules

---

**1.** The facts which follow have been gleaned from the above-referenced debtor's (the "Debtor") testimony at the Hearing and the entire court file for this case.

**2.** The Notice advised creditors not to file proofs of claim unless subsequently notified.

**3.** The Debtor testified that prior to Mr. Nolan's commencement of suit against him, the Debtor accessed the state court database on the internet and, when he saw a new suit filed by Mr. Nolan against the same defendant, he assumed that Mr. Nolan's new attorney had somehow managed to revive the prior suit.

and, accordingly, Mr. Nolan did not receive the Notice.

On December 11, 2002, the Debtor filed amendments to the Original Schedules which, among other things, listed (for the first time) Mr. Nolan and David Steiner (another client of the Debtor) as general unsecured creditors (in each case in an "unknown" amount). Mr. Steiner is a current client of the Debtor in a patent case. The Debtor knew prepetition that Mr. Steiner was dissatisfied with certain developments in his case. Mr. Steiner has not sued the Debtor. Mr. Steiner was not listed in the Original Schedules and, accordingly, did not receive the Notice.

On December 17, 2002, the Debtor filed his Ex Parte Motion by Debtor To Set Deadline for Additional Creditors To Seek Exception To Discharge of Their Respective Claims (Doc. I.D. No. 15, the "Initial Motion"). The Initial Motion sought to extend the Specific Bar Date to give each of Mr. Nolan and Mr. Steiner an opportunity to timely file a Section 523(c) complaint. A hearing was held on the Initial Motion on January 8, 2003. Neither Mr. Nolan nor Mr. Steiner (who were on notice of that hearing) appeared or otherwise objected to the Initial Motion and the court took the Initial Motion under advisement. However, at that hearing, the court expressed some doubt concerning its power to extend the Specific Bar Date pursuant to an extension request filed after expiration of the Specific Bar Date. The court gave the Debtor an opportunity to file a brief on the issue, which the Debtor did. (*See* Doc. I.D. No. 27 (the "Debtor's Brief")).

On January 23, 2003, the Debtor filed further amendments to the Original Schedules which, among other things, listed (for the first time) a claim (the "Avery Claim") of Gwen, Marquise and Shanterra Avery and/or Carpenos Chiropractic Center as a general unsecured claim in an "unknown" amount. Either one or all of the Averys had been the Debtor's clients and the chiropractor's claim was through her/them. The Avery Claim was not listed in the Original Schedules and, accordingly, the putative claimant(s) did not receive the Notice. The Debtor filed the Amended Motion at or about the same time. The Amended Motion seeks to extend the Specific Bar Date for the benefit of Mr. Nolan, Mr. Steiner, the Averys and Carpenos Chiropractic Center (collectively, the "Unscheduled Creditors"). The Debtor served a copy of the Amended Motion on the Unscheduled Creditors, the United States Trustee and the chapter 7 trustee.

After consideration of the Debtor's Brief, on February 24, 2003 the court issued an order scheduling a telephonic status conference with respect to this matter. As a result of that conference (which took place on March 5, 2003), the court scheduled an evidentiary hearing (i.e., the Hearing) for March 27, 2003. None of the Unscheduled Creditors (who were on notice of the Hearing) appeared at the Hearing or otherwise objected to the Amended Motion. The only evidence introduced at the Hearing was the Debtor's testimony. At the conclusion of the Hearing, the court took the matter under advisement. The matter now is ripe for decision.

## II. DISCUSSION

### A. *Relevant Law*

Bankruptcy Code § 523(c)(1) provides as follows:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after no-

tice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523(c)(1) (West 2003). Rule 4007(c) of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) .... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision [the "Bar Date"]. The motion shall be filed before the time has expired.

Fed. R. Bankr.P. 4007(c). Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows:

(b) *Enlargement*

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of

the specified period permit the act to be done where the failure to act was the result of excusable neglect.

.    .    .    .    .

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rule [ ] ... 4007(c) ..., only to the extent and under the conditions stated in ... [that rule].

Fed. R. Bankr.P. 9006(b).[4]

The cumulative effect of Section 523(c) and Rule 4007(c) is to confer at least one substantial benefit upon the debtor: "peace of mind" that if complaints asserting nondischargeability on Section 523(a)(2), (4), (6) and/or (15) grounds have not been filed by a date certain (as extended subject to Rules 4007(c) and 9006(b)), they cannot be filed at all and the respective claims will be discharged. *See In re Massa,* 217 B.R. 412 (Bankr.W.D.N.Y. 1998), *aff'd on other grounds,* 187 F.3d 292 (2d Cir.1999). *See also Resolution Trust Corp. v. McKendry (In re McKendry),* 40 F.3d 331, 336 (10th Cir.1994) ("If claims of nondischargeability under § 523(c) are not brought within the sixty-day period, the debts are discharged."). If the debtor fails to schedule a creditor before the Bar Date, the debtor does not get the full measure of "peace of mind." That is because a failure to schedule a creditor prior to the Bar Date means that such unscheduled creditor may assert that the subject debt is nondischargeable under Section 523(a)(3)(B).[5] Section 523(a)(3)(B) nondis-

---

**4.** Excusable neglect "encompasses both simple, faultless omissions to act and ... omissions caused by carelessness." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

**5.** Bankruptcy Code § 523(a)(3) provides in relevant part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to

chargeability is not subject to Section 523(c) and, accordingly, may be raised at any time. *See* Fed. R. Bankr.P. 4007(b) ("A complaint other than under § 523(c) may be filed at any time."). *See also Massa, supra.*

■ Here, the Debtor seeks to achieve the full measure of "peace of mind" offered by Section 523(c) and Rule 4007(c) by seeking an extension of the Specific Bar Date as to the Unscheduled Creditors. However, as set forth above, Bankruptcy Rules 4007(c) and 9006(b) set a time limit upon the filing of a request for an extension of the Bar Date in that those rules require that such a request be filed before expiration of the Specific Bar Date. *Cf. In re Chain,* 251 B.R. 193 (Bankr.D.Conn. 2000) (Krechevsky, B.J.) (debtor's request for extension of Bar Date filed after its expiration denied when the debtor had scheduled relevant creditors but failed to include them in mailing matrix used for mailing of Bar Date notice). Nevertheless, Rule 4007(b) is not an absolute limitation upon the bankruptcy court's power to grant requests for extension of the Bar Date filed after the Bar Date has expired. *See European American Bank v. Benedict (In re Benedict),* 90 F.3d 50, 54–55 (2d Cir.1996). Under *Benedict,* otherwise untimely extension requests may be granted pursuant to the doctrines of waiver, estoppel and equitable tolling, *id.* at 54, and, perhaps (*Benedict* arguably is ambiguous here), even if outside those doctrines whenever equity so requires, *see id.* at 54.

■ However, the limitations of Rules 4007(c) and 9006(b) may not be evaded by using *Benedict* to cloak a bare excusable neglect. That is because, under Rule 9006(b)(3), "excusable neglect" may not be used as a grounds for extending a Bar Date that has already expired as of the time the extension request is filed. *See Pioneer Investment Services,* 507 U.S. at 389 n. 4, 113 S.Ct. 1489 ("Subsection [ ] . . . (b)(3) of Rule 9006 enumerate[s] those time requirements excluded from the operation of the 'excusable neglect' standard.").[6] To interpret *Benedict* to achieve a contrary result would read Rule 9006(b)(3) out of the Bankruptcy Rules with respect to Rule 4007(c), a result the *Benedict* court cannot have intended. Moreover, a distinction can be drawn between a debtor's attempt to compel a creditor to bring a nondischargeability proceeding in the bankruptcy court within a set time period or endure discharge of the subject claim (as is the case here), and a creditor's effort to bring a nondischargeability proceeding in the bankruptcy court which effort is met with the debtor's de-

---

whom such debt is owed, in time to permit—

. . . . .

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, . . . timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely . . . request . . . .

11 U.S.C.A. § 523(a)(3)(B) (West 2003). When a creditor proceeds in accordance with Section 523(c) or 523(a)(3)(B), the creditor ultimately must still prove that the debt to be rendered nondischargeable falls within the purview of the types of debts described in Sections 523(a)(2), (4), (6) (and, apparently, (15)). *Cf. Cablevision Systems Corp. v. Malandra (In re Malandra),* 206 B.R. 667, 671–73(Bankr.E.D.N.Y.1997).

6. Similarly, because "excusable neglect" is no grounds for such an extension under Rules 4007(c) and 9006(b)(3), then neither is culpable (or more culpable) conduct (i.e., intentional failure to schedule or other inexcusable failure to schedule) on the part of a debtor filing an extension request after expiration of the Bar Date. Whether in another case facts may be added to a bare "excusable neglect" to bring a debtor's untimely motion within the *Benedict* doctrine is a question not before the court.

fense of untimeliness (as was the case in *Benedict*). Accordingly, a debtor seeking an extension of the Bar Date with respect to a previously omitted creditor by a motion filed after the Bar Date has expired cannot prevail if all he asserts is a bare "excusable neglect." *Cf. In re Chain, supra.*

### B. *Application of Law to Facts*

 At the Hearing, the Debtor admitted that, had his mental state been better at the time, he would have listed Mr. Nolan as a creditor in the Original Schedules. The Debtor offers no specific explanation as to why he did not schedule Mr. Steiner (other than the Debtor's emotional and mental state at the relevant time and that Mr. Steiner was still a client on the date of the bankruptcy filing). Nothing has changed postpetition to cause the Debtor to want to amend the Original Schedules to list Mr. Steiner, and the court ascribes the Debtor's recent (but belated) scheduling of Mr. Steiner as a creditor to an improvement of the Debtor's mental clarity and, perhaps, advice of bankruptcy counsel. At best (and most probably) the foregoing states excusable neglect in respect of both Mr. Nolan's and Mr. Steiner's claims.[7] The court is sympathetic to the Debtor's situation but, as discussed above, the Debtor cannot evade Rule 4007(c) by attempting to package bare excusable neglect in a *Benedict* wrapper.

Moreover, the Avery Claim is not materially different. At the Hearing, the Debtor testified that the Avery Claim was asserted for the first time after the Specific Bar Date and came as a complete surprise to him. Until the Averys advised the Debtor that the chiropractor was demanding payment from them, the Debtor believed that the chiropractor had been paid as a disbursement from the proceeds of a settlement of the Averys' personal injury claim. After the Averys contacted the Debtor about the chiropractor's payment demand, the Debtor checked his file for the Avery case and discovered that the chiropractor indeed had not been paid from settlement proceeds. The Debtor was (and is) a practicing attorney. Arguably, he was not required to study all his files (both open and closed) in minute detail as a precondition to filing a bankruptcy case. Arguably, therefore, the Debtor's failure to schedule the Avery Claim was a "simple, faultless omission[ ]," *Pioneer, supra.* Nevertheless, that "faultless omission" is within the purview of "excusable neglect." *Id.* Accordingly, for the reasons discussed above, the *Benedict* doctrine cannot serve as a basis to extend the Specific Bar Date with respect to the Avery Claim.[8]

### III. CONCLUSION

For the reasons discussed above, a marginal order will enter denying the Amended Motion in its entirety.

---

7. Even a disputed claim nevertheless is a "claim" for scheduling purposes. *See* 11 U.S.C. § 101(5)(A).

8. The Debtor argues that the Specific Bar Date was and is ineffective against the Unscheduled Creditors. Thus, the Debtor argues, he is not seeking an extended Specific Bar Date as to those creditors but, rather, the *initial* Bar Date as to such creditors. Therefore, the Debtor argues, Rule 4007 is no impediment to the granting of such request. The court rejects that argument as a strained reading of Rule 4007 that is inconsistent with the framework established by Section 523 and Rules 4007 and 9006. *Cf. Chain, supra.*